# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight A. Rudisill, #14698-058, | ) C/A No. 4:11-00956-CMC-TER |
| Petitioner, | ) |
| vs. | ) |
| Darlene Drew, Warden, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

Petitioner Dwight A. Rudisill ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution in Bennettsville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this action, Petitioner seeks an unconditional discharge from prison. For the reasons that follow, the undersigned recommends the District Court dismiss the petition in this case without prejudice and without issuance and service of process.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

Even under this less stringent standard, however, this Court is charged with screening the Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F2d 387 (4th Cir. 1990).

## Background

Petitioner was sentenced to three hundred (300) months incarceration for the offense of carjacking by the United States District Court for the Western District of North Carolina on August 4, 1999. *See Rudisill v. U.S.*, Civil No. 1:09CV262-3-T, No. 4:98CR212-T, 2009 WL 2366028 at *1 (W.D.N.C. July 20, 2009). Petitioner pled guilty to the carjacking offense pursuant to a plea agreement that dismissed three remaining charges: (1) possessing and using a firearm during a crime of violence; (2) transporting stolen property in interstate commerce; and (3) being a felon in possession of a firearm. *Id.* Petitioner filed a direct appeal and the Fourth Circuit Court of Appeals vacated Petitioner's conviction and remanded the case for resentencing. *Id. See also U.S. v.*

*Rudisill*, No. 99-4588, 2000 WL 620314 (4th Cir. May 15, 2000). Following the remand, Petitioner was sentenced to fifteen (15) years incarceration. *Id.* However, the Sentencing Court granted a motion made by the Government to set aside the plea agreement and pursue a superseding indictment as to the three counts previously dismissed. *Id.* The Government obtained a superseding indictment for the three previously dismissed charges and Petitioner was found guilty of the offenses on January 10, 2001. *Id.* at *2. Petitioner was then sentenced on October 31, 2001, to a total term of imprisonment of four hundred sixty-five (465) months. *Id.* Petitioner did not file a direct appeal.

On July 15, 2009, Petitioner filed a motion pursuant to 28 U.S.C. 2255 in the Sentencing Court to vacate, set aside, or correct his sentence. *Id.* The petition was dismissed by the Sentencing Court as untimely on July 29, 2009, and a motion for reconsideration was denied on August 14, 2009. *Id. See also Rudisill v. U.S.*, Civil No. 1:09CV262-3-T, No. 4:98CR212-T, 2009 WL 2517013 (W.D.N.C. Aug. 14, 2009). Petitioner filed an appeal of those rulings, which was dismissed by the Fourth Circuit on September 8, 2009. *Rudisill v. U.S.*, No. 09-7511 (4th Cir. Sept. 8, 2009). On October 25, 2010, Petitioner filed a second § 2255 motion in the Sentencing Court, which was dismissed as successive on November 2, 2010. *See Rudisill v. U.S.*, Civil No. 1:10cv253, Criminal No. 4:98cr212, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010).

Petitioner is currently incarcerated within the District of South Carolina, and has filed a habeas corpus petition pursuant to § 2241 in this Court. In this action, Petitioner challenges his federal conviction and seeks an order granting him " unconditional discharge from the detention and restraint described in the petition." ECF No. 1-1, page 5. Petitioner alleges that the "Court was without jurisdiction to impose sentence;" and that he was "deprived of his right to counsel both during and leading up to sentencing." ECF No. 1, page 8.

Discussion

As an initial matter, it is noted that Petitioner has filed a previous § 2241 petition in this Court. *See Rudisill v. Drew*, C/A No. 4:10-761-CMC-TER, 2010 WL 3222194 (D.S.C. July 21, 2010).[2] As in the instant action, Petitioner's prior § 2241 petition ("prior habeas action") also alleged that he was deprived of his right to counsel and that the Sentencing Court lacked jurisdiction to impose Petitioner's sentence. *Id.* at *2. Petitioner's prior habeas action was dismissed on August 13, 2010, without prejudice prior to the issuance of service of process. *See Rudisill v. Drew*, C/A No. 4:10-00761-CMC-TER, 2010 WL 3221794 (D.S.C. Aug. 13, 2010). Thus, this duplicate § 2241 habeas petition should be dismissed in the interest of judicial economy and efficiency.

However, even if the instant case was not considered a duplicate filing, it would still be subject to summary dismissal. "As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*)). Section 2255 states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or <u>that the court was without jurisdiction to impose such sentence</u>, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

2) A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

28 U.S.C. § 2255(a)(emphasis added). In his § 2241 habeas petition, Petitioner claims he was deprived of his right to counsel and that the Sentencing Court "was without jurisdiction to impose [Petitioner's] sentence." ECF No. 1, page 8. As Petitioner challenges his federal conviction and sentence, the proper avenue for relief would be a § 2255 motion in the Sentencing Court, rather than through a § 2241 habeas petition in this Court, the district where Petitioner is confined.

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless</u> it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e)(emphasis added). This Court is prohibited from considering Petitioner's § 2241 petition unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. In the instant action, Petitioner has filed two unsuccessful § 2255 motions in the Sentencing Court. However, the Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006). Thus, the fact that Petitioner was denied relief under

§ 2255 in the Sentencing Court does not render that statute inadequate or ineffective to test the legality of his conviction.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Petitioner's claim does not fall under these criteria, and is insufficient to invoke the savings clause embodied in § 2255. As such, he is barred from proceeding under § 2241 and this petition should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and *without requiring the Respondent to file a return. See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. ***The Petitioner's attention is directed to the important notice on the next page.***

June 21, 2011
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).